UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIM Y.,

Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

Defendant.

CASE NO. C18-5676-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

/ / /

/ / /

/ / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1963.[1] She has a one year of college education and additional training as a certified nurse's assistant, and previously worked as a teacher's aide, caregiver and newspaper production artist. (AR 284, 290, 329.)

Plaintiff applied for SSI and DIB in January 2015. (AR 261-70.) Those applications were denied and Plaintiff timely requested a hearing. (AR 175-82, 185-91.)

In November 2016 and April 2017, ALJ Glenn G. Meyers held hearings, taking testimony from Plaintiff and a vocational expert (VE). (AR 42-101.) On May 17, 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 18-27.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on June 26, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since December 9, 2011, the alleged onset date. (AR 20.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's type 1 diabetes and alcohol addiction in remission. (AR 20-22.) Step

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 22.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work, with additional limitations: she would be absent from work up to one time per month, and would be off-task at work up to 7% but still able to meet the minimum production requirements of the job. She must work without temperature extremes or uneven surfaces. She cannot work at any height. She cannot balance, drive, or climb ropes, ladders, or scaffolds. She can occasionally stoop, squat, crouch, crawl, kneel, and climb ramps and stairs. (AR 22.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 25.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative jobs, including marker, label remover, and table cover folder. (AR 26.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

2002).

Plaintiff argues the ALJ erred in (1) discounting medical opinions provided by an examining psychologist and a treating endocrinologist, and (2) discounting her own subjective testimony. Dkt. 10 at 1. Plaintiff also contends that lay statements submitted for the first time to the Appeals Council undermine the ALJ's decision. Dkt. 10 at 13-14. Plaintiff argues that these errors should be remedied by a remand for a finding of disability, or for further proceedings in the alternative. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Medical evidence

Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing. *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The Court will address each challenged medical opinion in turn.

Dan Neims, Psy.D.

Plaintiff was examined by Dr. Neims in January 2015 and January 2017, and Dr. Neims completed DSHS form opinions both times. (AR 37-41, 870-85.) Dr. Neims's second evaluation report was submitted for the first time to the Appeals Council, although it predates the hearing and the ALJ's decision.

In the 2015 decision, Dr. Neims diagnosed Plaintiff with anxiety, noting other "rule-out" conditions and alcohol/drug use in reported remission. (AR 871.) Dr. Neims listed several

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

moderate and marked functional limitations. (AR 872.) The 2017 opinion also lists an anxiety disorder diagnosis, and moderate and marked functional limitations. (AR 38-39.) The ALJ discounted Dr. Neims' 2015 opinion because it was based on a one-time examination and was not consistent with the rest of the record, which showed that Plaintiff's anxiety did not cause any significant limitations and that she received no treatment for anxiety. (AR 21.)

Plaintiff argues that these reasons are not legitimate because Dr. Neims based his opinion on clinical factors, and because the ALJ overlooked that Plaintiff was prescribed antidepressant medication during the relevant period and did receive mental health treatment. Dkt. 10 at 15. These arguments are unavailing: antidepressant medication does not suggest treatment for anxiety, and none of the limited mental health treatment records corroborate the mental functional limitations Dr. Neims' described. (*See* AR 1147-59.) Thus, the ALJ reasonably found that Dr. Neims' opinion was inconsistent with the record and discounted it as such. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record). Plaintiff agrees that Dr. Neims' 2017 opinion is similar to the 2015 opinion (Dkt. 16 at 7), the ALJ's reasoning therefore applies with equal force to the 2017 opinion and it does not provide a basis for reversing the ALJ's decision.

Toni Terry, M.D.

Dr. Terry, Plaintiff's treating endocrinologist, completed a form opinion in November 2016 describing the symptoms and limitations caused primarily by Plaintiff's type 1 diabetes. (AR 1117-20.) Specifically, Dr. Terry opined that Plaintiff would be unable to complete work tasks during episodes of low blood sugar and high blood sugar, which occur 7% and 72% of the time, respectively, based on data gathered by Plaintiff's insulin pump in the two weeks prior to the opinion. (*Id*.) The ALJ gave "little weight" to this opinion because Dr. Terry "provided no basis

of support for her opinion. Moreover, her opinion is not based on her own observation of the claimant [] during examinations [as] the claimant [has] not demonstrated these issues." (AR 25.)

The ALJ's reasons to discount Dr. Terry's opinion are not legally sufficient. Dr. Terry indeed cited support for her opinion: the recent download from Plaintiff's insulin pump verified the frequency at which Plaintiff experienced high or low blood sugar episodes. (*See* AR 1117-18.) Furthermore, the ALJ may be correct that Plaintiff did not experience an episode of high or low blood sugar during her quarterly visits with Dr. Terry, but Dr. Terry repeatedly consulted the downloads from Plaintiff's insulin pump (which Plaintiff used multiple times per day to measure her blood sugars) to determine how to adjust Plaintiff's treatment as a result of those objective findings. (*See* AR 1026-1116.) As an endocrinologist, Dr. Terry was familiar with how episodes of low or high blood sugar present and resolve. The objective data provided ample support for Dr. Terry's opinion regarding the frequency of Plaintiff's blood sugar episodes. Because the ALJ's reasoning is not legitimate, the ALJ erred in discounting Dr. Terry's opinion.

Although Plaintiff requests relief in the form of a remand for a finding of disability, the Court finds that the ALJ's error should be remedied by a remand for further proceedings because there are inconsistencies in the record that require resolution and raise serious doubt as to whether Plaintiff is disabled. For example, as noted by the ALJ, Plaintiff was able to work for many years despite her diabetes. (AR 74-81.) The ALJ also cited other evidence undermining Plaintiff's allegations of functional limitations caused by her diabetes. (AR 23-24.) Under these circumstances, a remand for further proceedings is appropriate. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)).

On remand, the ALJ shall reconsider Dr. Terry's opinion, as well as the lay statements previously submitted for the first time to the Appeals Council. The ALJ shall also reconsider

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

Plaintiff's subjective testimony in light of the updated record.

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 4th day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7